**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Yuzhao Jin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:24-cv-05247 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| The Partnerships and Unincorporated Associations Identified on Schedule "A," | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yuzhao Jin sues Defendants Kaibdun, TPN-US, Meidaolai, and Soleshan for patent infringement. ECF 1. Plaintiff now seeks leave to amend its complaint under Federal Rules of Civil Procedure 15 and 16. ECF 116. Defendants oppose amendment and, in the event leave to amend is denied, move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF 120. For the reasons discussed below, Plaintiff's motion is granted, and Defendant's motion is denied as moot.

**Background**

Plaintiff owns U.S. Patent No. 11,937,745 (the "'745 Patent"), which specifies the structure of a folding baby bathtub. ECF 1; ECF 2-2. On June 24, 2024, Plaintiff brought suit for patent infringement under 35 U.S.C. § 271 against various competitors, including Kaibdun, TPN-US, Meidaolai, and Soleshan. ECF 2, Schedule A. Plaintiff alleged that Defendants infringed the '745 Patent by "offer[ing] for sale, sell[ing], and/or import[ing] into the United States for subsequent resale or use" products that are identical to Jin's bathtub "aside from minor variations in ornamental elements such as tub color." ECF 1. On October 3, 2024, the Court entered a scheduling

order for this case, providing that the parties amend their pleadings by December 20, 2024. ECF 67.

On September 10, 2024, a third party requested an *ex parte* reexamination of the '745 Patent by the U.S. Patent and Trademark Office ("PTO"). ECF 82. On February 20, 2025, Defendants Kaibdun and TPN-US requested a stay of the action pending disposition of the reexamination, which the Court granted. ECF 82, 85. On April 22, 2025, the PTO issued a reexamination certificate for the '745 Patent, which cancelled Claims 2 and 11; amended Claims 1 and 10; determined that Claims 3-9 and 12-14, as dependent on an amended claim, were patentable; and added new Claims 15-18. ECF 117-1. The stay previously entered by the Court was then lifted on April 30, 2025. ECF 97.

On May 21, 2025, the parties proposed a schedule for the parties to exchange infringement contentions through June, July, and August. ECF 98, 99. On or around June 27, 2025, the parties exchanged their initial infringement contentions. *See* ECF 125-1. On August 7, 2025, the day before Plaintiff's deadline to serve its final infringement contentions, Defendants sent Plaintiff a letter disclosing redesigned bathtub products that Defendants were then currently selling and asserting that Plaintiff would need to amend its complaint in light of the reissuance of the '745 Patent. ECF 122-1. Plaintiff then decided to pursue settlement negotiations with Defendants. ECF 125 at 12. On September 12, 2025, the parties filed a joint status report indicating that they were engaged in settlement talks; the status report does not indicate when those talks began. ECF 101. On September 26, 2025, the parties filed a joint motion to stay the case pending the finalization of a settlement agreement, which the Court granted. ECF 102, 104. On October 29, 2025, Plaintiff informed Defendants that it intended to continue litigating the case and would seek leave to amend the complaint. ECF 122-11 at 1. On November 4, 2025, the parties submitted a joint status report

indicating that settlement talks had broken down, that Plaintiff intended to seek leave to amend its complaint in light of the reexamination, and requested that the stay be lifted. ECF 112. On November 14, 2025, the Court adopted the parties' joint motion to set a briefing schedule for Plaintiff's motion for leave to amend the complaint. ECF 115.

Plaintiff now seeks leave to amend the complaint to limit its claims to Defendants' infringing conduct on and after April 22, 2025—*i.e.*, to pursue claims only for conduct that would infringe the reexamined '745 Patent, rather than the original '745 Patent. ECF 116-2. The remaining Defendants—Kaibdun, TPN-US, Meidaolai, and Soleshan—oppose Plaintiff's amendment as untimely and futile, and, in the event leave to amend is denied, request judgment on the pleadings. ECF 120.

**Legal Standard**

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." A plaintiff seeking to amend a pleading after the expiration of the scheduling order deadline must show good cause under Rule 16(b). *See CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015). To determine good cause, the court considers the diligence of the party seeking amendment. *Id*. If the moving party establishes good cause, the Court then applies Rule 15(a)(2) to determine whether amendment is proper. *See Sumrall v. LeSea, Inc.*, 104 F.4th 622, 630 (7th Cir. 2024) ("[P]ost-deadline amendments create a two-step process.").

Federal Rule of Civil Procedure 15(a)(2) provides that "[a] party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Motions to amend under Rule 15(a) should be granted unless there is evidence of undue prejudice to the opposing party; undue delay, bad faith, or dilatory motive on

the part of the movant; or if the proposed amendment is futile. *See, e.g., Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007); *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). A proposed amendment is futile where it would not survive a motion to dismiss under Rule 12(b). *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## Discussion

Defendants argue that Plaintiff cannot demonstrate good cause under Rule 16 because its amendment is untimely and that amendment would be futile under Rule 15. Both arguments fail.

### A. Good Cause Under Rule 16

The scheduling order set in this case by the Court on October 3, 2024, required that the parties amend their pleadings by December 20, 2024. ECF 67. Defendants argue that Plaintiff was not diligent in seeking leave to amend the complaint by waiting for almost a year after the deadline for amendment to do so. But Defendants significantly overstate the length of time Plaintiff ostensibly delayed in seeking amendment. To begin with, the need to amend the pleadings only arose *after* the December 20, 2024 amendment deadline, when the reexamined '745 Patent was issued on April 22, 2025. Thus, the Court must consider whether Plaintiff was diligent in seeking amendment in relation to the April 22, 2025 reissuance date, rather than the December 20, 2024 amendment deadline. Moreover, the parties indicated that settlement talks were progressing as of September 12, 2025 and subsequently sought a stay of the action in light of those negotiations on September 26, 2025, and then almost immediately thereafter progressed to briefing Plaintiff's motion for leave to amend. In light of those facts, the crux of the issue here is whether Plaintiff

should have sought leave to amend between the reexamination of the ’745 Patent on April 22, 2025 and engaging in settlement talks beginning, presumably, sometime in early September 2025—a four month period.

During that four month period, on August 7, 2025, Defendants disclosed that they had begun selling redesigned bathtubs, and raised, for the first time, their dispute that the amendments to the claims of the ’745 Patent resulted in substantive changes. Plaintiff then decided to pursue settlement negotiations with Defendants. Immediately following the breakdown of settlement talks, Plaintiff sought leave to amend its complaint. These facts do not rise to the level of undue delay. *See Masonite Corp. v. Craftmaster Mfg., Inc.*, 2011 WL 1642518, at *1 (N.D. Ill. Apr. 29, 2011) (finding that plaintiff was diligent in seeking leave to amend where patents were corrected after the amendment deadline and plaintiff sought leave to amend six weeks after the parties failed to resolve their dispute at a settlement conference).

**B. Futility Under Rule 15**

Defendants next argue that amendment would be futile because: (a) Plaintiff’s proposed amendment fails to cure defects in the original complaint’s allegations of specific jurisdiction under Rule 12(b)(2); and (b) Plaintiff’s proposed amendment fails to state a claim for relief under 12(b)(6).

**1. Specific Jurisdiction**

Defendants’ specific jurisdiction argument misapprehends the pleading requirements set out by Federal Rule of Civil Procedure 8. Under that Rule, a complaint must allege “a short and plain statement of the grounds for the court’s jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support”—*i.e.,* the basis for the court’s *subject matter* jurisdiction. Fed. R. Civ. P. 8(a); *see also In re Teknek, LLC*, 354 B.R. 181, 191 (N.D. Ill. 2006)

(holding that "a complaint commencing a civil proceeding must allege the basis for subject matter jurisdiction"). As the Seventh Circuit has held, under Rule 8(a), "[a] complaint need not include facts alleging *personal* jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (emphasis added). Only "once the defendant moves to dismiss the complaint [under Federal Rule of Civil Procedure 12(b)(2)]" does "the plaintiff bear[] the burden of demonstrating the existence of jurisdiction." *Id*. "[W]hen the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing . . . the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Id*. In other words, unlike a Rule 12(b)(6) motion which tests the facial, legal sufficiency of the pleadings under Rule 8, a Rule 12(b)(2) motion may go beyond the pleadings and be decided upon an evidentiary record. *See Szabo v. Bridgeport Machines, Inc*., 249 F.3d 672, 675 (7th Cir. 2001) ("[A] motion to dismiss [under Rule 12(b)(6)] tests the legal sufficiency of a pleading. Its factual sufficiency will be tested later . . ."); *Purdue*, 338 F.3d at 782-83 (noting that the parties may submit affidavits in support of their Rule 12(b)(2) briefing, and that a district court may hold an evidentiary hearing to determine personal jurisdiction). For this reason, the Court cannot at this time discern whether amendment here would be futile because it can neither resolve this issue on the pleadings nor predict what evidence Plaintiff may offer to support its allegations.

**2. Failure to State a Claim**

Defendants argue that Plaintiff's proposed amended complaint fails to state a claim because it does not identify accused products that were sold on or after April 22, 2025, and does not explain how those accused products meet each element of the reexamined '745 Patent. *See* ECF 121 at 16-18. Plaintiff's original complaint alleged that Defendants' "infringing products are identical aside from minor variations in ornamental elements such as the tub color. They all use an identical tub

construction including the folding mechanism, locking mechanism, leg construction, upper ring, and drain construction." ECF 116-2 at ¶ 4. In the draft of the proposed amended complaint attached to its motion for leave to amend, Plaintiff proposed adding allegations specifying that "Defendants' infringing acts occur[ed] on or after April 22, 2025." ECF 116-2 at ¶ 22. Presumably in response to Defendants' criticisms, Plaintiff submitted a revised version of its proposed amended complaint with its combined reply in further support of its motion for leave to amend and in opposition to Defendants' motion for judgment on the pleadings. The revised proposed amended complaint adds Exhibit C, *see* ECF 125-3, "an exemplary claim chart illustrating how the Accused Products infringe the independent claims of the Asserted Patent (Claim 1 and Claim 10)." ECF 125-2 at ¶ 16. Exhibit C lists the elements of the claims of the reissued patent-in-suit in one column and provides an explanation of how the accused products infringe those elements, including annotated photographs of the accused products. *See* ECF 125-3.

Defendants assert that they are prejudiced by Plaintiff's late submission of its revised amendments, particularly in light of Defendants' August 7, 2025 disclosure of redesigned bathtub products. *See* ECF 122-1. Ordinarily a party may not introduce new evidence or raise new arguments on reply. *See United States v. Feinberg*, 89 F.3d 333, 341 (7th Cir. 1996) (A reply brief "is not the appropriate vehicle for presenting new arguments or legal theories to the court"); *Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011) ("A party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief."). But making revisions to a proposed amended complaint is quite a different matter than raising a new argument or presenting new evidence for the first time on reply. The latter is problematic because it imbalances the adversarial process by denying one

party the opportunity to respond on an issue that cannot be raised again at a later date except on appeal. *See, e.g.*, *Johnson*, 812 F. Supp. 2d at 924.

This is not the case with the issue of futility on an opposed motion for leave to amend the pleadings: futility and failure to state a claim are the same issue, and may be raised on a motion under Rule 12(b)(6) once the amended complaint is filed as the operative pleading on the docket. *See Reynolds and Reynolds Co. v. Reynolds Motor Co.*, 2021 WL 5035025, at *2 (C.D. Ill. Aug. 6, 2021) (holding that defendants could respond to plaintiffs' proposed amended complaint, which was revised on reply in support of a motion for leave to amend and in response to defendants' criticisms, through a motion to dismiss). In other words, it is hard to square Defendants' argument that they were prejudiced by not being given another bite at the apple to argue that Plaintiff would fail on a Rule 12(b)(6) motion to dismiss with the fact that amendment would necessarily provide them the opportunity to bring a Rule 12(b)(6) motion.

Moreover, applying the stringent approach to revisions to proposed amended pleadings for which Defendants advocate would undercut the liberality of the standard for allowing amending pleadings under Rule 15(a)(2). The Seventh Circuit has endorsed "[t]he federal of policy of deciding cases on the basis of the substantive rights involved rather than on technicalities," which "requires that plaintiff be given every opportunity to cure a formal defect in his pleading." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Thus, "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id*. at 519-20. Plaintiff's amendment here comes before *any* motion to dismiss has been filed; and, for the reasons discussed below, Plaintiff's revisions to

its proposed amended complaint cure the defect Defendants identify in their brief opposing leave to amend. As such, the Court will consider Defendant's futility argument in light of Plaintiff's revised proposed amended complaint.

Plaintiff's revisions to its proposed amended complaint effectively cure, at least at this stage, the defect Defendants identified in their opposition brief. Under Federal Rule of Civil Procedure 8(a)(2), the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Through this statement, defendants must be provided with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the patent context, the Federal Circuit has interpreted this authority to mean that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Plaintiff's revised proposed amended complaint, including Exhibit C, accomplishes this.

* * *

As Plaintiff has demonstrated good cause to amend and it is not certain from the face of the complaint that amendment would be futile, Plaintiff is granted leave to amend.

**Conclusion**

Plaintiff's motion for leave to amend the complaint [116] is granted. Defendants' motion for judgment on the pleadings [120] is denied as moot. The revised version of Plaintiff's amended

complaint, *see* ECF 125-2, shall be filed on the docket by September 1, 2026, or this case will be dismissed for want of prosecution.

**SO ORDERED.** **ENTERED: August 24, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**